IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02343-REB-CBS

GERALD ELWELL,
SEAN ASH,
JP BORDEWICK, and
RICHARD WARNER, individually, and on behalf of all similarly situated persons,

    Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,

    Defendant.

## STIPULATED PROTECTIVE ORDER

It is hereby ordered by the Court that the following shall apply to documents, depositions, and other discovery, whether formal or informal, as well as testimony adduced at trial in this action:

1. Counsel for any party may designate portions or all of any of the following material as confidential: depositions, documents produced, answers to interrogatories, responses to requests for admission, any other discovery taken or information disclosed pursuant to the Federal Rules of Civil Procedure, and testimony adduced at trial. Material designated as confidential will be labeled "CONFIDENTIAL" and is referred to herein as "Confidential Information." The inadvertent failure to designate material as Confidential may be remedied by a supplemental designation that will apply from that point forward and such Confidential Information shall be labeled as "CONFIDENTIAL" and all counsel shall make reasonable efforts to ensure that every individual or entity

that has been provided the information also affixes the appropriate "CONFIDENTIAL" label to each copy of the newly designated Confidential Information in its possession.

2. In the case of depositions, designation of such portions of those transcripts, including exhibits, which contain Confidential Information shall be made either (a) by a statement to such effect on the record during the course of the deposition by counsel or (b) by counsel of either party, in writing, within twenty-one (21) days of receipt of the transcript of the deposition, stating what portions of the transcript are deemed Confidential. The entire transcript shall be considered as Confidential Information during such twenty-one (21) day period.

3. As used in this Order, "Confidential Information" means information designated as confidential by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by law; (b) information that reflects collective bargaining tactics or internal union strategies or that otherwise reveals trade secrets; (c) research, technical, commercial or financial information, that the party has maintained as confidential; (d) insurance agreements between Defendant Air Line Pilots Association, International ("ALPA") and any of its liability insurers, reinsurance agreements between ALPA and any reinsurance carrier or between any liability insurer of ALPA and any reinsurance carrier (collectively, the "Reinsurers"), as well as any related insurance or reinsurance information; (e) medical information concerning any individual; (f) personal identity information; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records of a person who is not a party to the case. Information or

documents that are available to the public may not be designated as Confidential Information. Unless otherwise ordered by the Court, Confidential Information will be held and used by the person receiving such information solely for use in the prosecution or defense of this litigation.

4. In the event a party challenges another party's confidential designation, such challenge shall be made by giving written notice to the party making the confidential designation. The written notice shall specify the information to which the challenge pertains. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party asserting the confidential designation shall have 21 days from the date of the challenge to seek resolution by the Court. The confidential designation involved shall be treated as valid until the Court rules otherwise.

5. Nothing in this Protective Order operates to create an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed in accordance with applicable law and court rules.

6. Confidential Information shall not be disclosed by the receiving party (named plaintiffs or defendant) or his, her or its counsel to any person, except:

    a. The parties (named plaintiffs or defendant) and counsel for either party, and class members to the extent necessary to assist in the litigation;

    b. Employees of such counsel necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

    e. Stenographic reporters engaged in proceedings pertinent to the litigation; and

    f. The Court and its employees or the jury at trial or as exhibits to motions.

  7. Prior to disclosing or displaying the Confidential Information to any person in 6.a.-6.e., counsel shall:

    a. inform the person of the confidential nature of the information or documents; and

    b. inform the person that this Court has enjoined the use of the Confidential Information by him/her for any purpose other than this litigation and has enjoined the disclosure of that Confidential Information to any other person.

  8. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 6.c., 6.d., 6.e., and class members referred to in Paragraph 6.a. only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form and substance attached hereto as Exhibit A.  In the event such person refuses to sign

an agreement in the form and substance attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

9.  Before any documents containing Confidential Information are submitted as part of an official judicial proceeding or filed with the Court, the submitting party must file a motion to place such documents under seal in accordance with applicable law and rules of procedure.  Confidential Information, including sections of briefs containing such information, are to be filed under seal with the Court, if permitted by the Court.

10.  A party who is granted leave to file a document under seal must file a redacted copy of the document (excluding the Confidential Information) for the public file.  A copy of the redacted version must be submitted along with the motion for leave to file.

11.  If one of the parties in possession of Confidential Information receives a subpoena from a non-party seeking production or other disclosure of such information, he or she shall immediately give written notice to counsel for the party or non-party who designated the material as Confidential, identifying the material sought and enclosing a copy of the subpoena.  Where possible, at least seven (7) days' notice before production or other disclosure shall be given.  In no event shall production or disclosure be made before notice is given and received.

12.  Plaintiffs, class members and/or their agents, including but not limited to plaintiffs' counsel (plaintiffs, class members and/or their agents are referred to as "Plaintiffs" for purposes of this paragraph 12), will not for any reason contact a Reinsurer (as defined in paragraph 3, above) unless (1) Plaintiffs provide advance

notice to ALPA counsel that they plan to contact a Reinsurer and ALPA agrees that Plaintiffs may contact the Reinsurer, or (2) if ALPA does not agree within seven (7) calendar days of receiving Plaintiffs' advance notice that Plaintiffs may contact the Reinsurer, the Court rules that Plaintiffs may contact the Reinsurer.

13. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and all copies of such Confidential Information shall be returned to the producing party or, if the producing party agrees, destroyed. Counsel shall certify to the producing party the destruction of such information within sixty (60) days of such destruction.

14. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information, or for modification of this Order, or to seek any other relief from the Court. Parties and counsel are advised that a perceived need by them for a more restrictive protective order is not an excuse for failure to comply with discovery requests in a timely fashion. It is counsel's responsibility to timely move for further protection based on confidentiality, if needed. If the Court has not ruled on any such motion when discovery is due, then the documents should be produced by the deadline as Confidential Information, pending decision by the Court, and counsel must notify the Court of the same.

DATED at Denver, Colorado this 24th day of April, 2014.

s/Craig B. Shaffer
United States Magistrate Judge

EXHIBIT A

## AFFIDAVIT

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order dated _____, which has been issued by the United States District Court for the District of Colorado in Gerald Elwell, et al. v. Air Line Pilots Association, International, Civil Action No. 13-cv-2343-REB-CBS.

2. I have been informed by _____, Esq., counsel for _____, that the information and materials described in the attachment to this Affidavit are CONFIDENTIAL as defined in the Protective Order.

3. I promise that I will not divulge, or undertake to divulge, to any person or recording device any CONFIDENTIAL information shown, provided or told to me except as authorized in the Protective Order. I will not use the CONFIDENTIAL information for any purpose other than this litigation, and I will return all CONFIDENTIAL information to the counsel named above or his or her designee when requested, but not later than the conclusion of this litigation.

4. I will abide by the terms of the Protective Order and for the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____
_____
Telephone No.: (\_\_\_)_____

STATE OF _____  )
                                            ) ss.
COUNTY OF _____  )

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2013, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[SEAL]