**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-02343-REB-CBS

GERALD ELWELL,
SEAN ASH,
JP BORDEWICK, and
RICHARD WARNER, individually and on behalf of all other similarly situated persons,

      Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION INTERNATIONAL,

      Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION FOR CLASS CERTIFICATION**

---

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion for Class Certification and Memorandum in Support** [#29],[1] filed November 18, 2013. I deny the motion without prejudice.

In accordance with my **Order Re: Motions for Class Certification** [#4], filed September 3, 2013, plaintiffs' motion was submitted a mere 80 days after this lawsuit was filed. Not long thereafter, however, defendant filed its motion for summary judgment. (*See* **Motion for Summary Judgment and Memorandum of Law of Defendant Air Line Pilots Association, International** [#37], filed December 27, 2013.) While Rule 23(c)(1)(A) provides that class certification should be dealt with "at an early

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

practicable time" after the commencement of a putative class action, the court still retains discretion to structure the timing of the class certification decision. ***Reed v. State Farm Mutual Automobile Insurance Co.***, 2008 WL 1777487 at *3 (D. Colo. April 16, 2008). More specifically, the rule does not prohibit delaying the class certification decision, especially where there are valid reasons to do so, including when the defendant has filed a motion for summary judgment as to some or all of the claims pending before the court. ***See id.***; *see also **Sigala v. Hartford Underwriters Insurance Co.***, 2005 WL 2098141 at *8 (D. Colo. Aug. 29, 2005) ("It is important to determine if the named plaintiffs have viable claims before determining whether the named plaintiffs properly can act as representatives of a class of persons with similar claims."), ***aff'd***, 238 Fed. Appx. 362 (10th Cir. June 27, 2007).

In the exercise of this discretion, I elected to address the substantive issues in this case before considering whether class certification was warranted. As originally submitted, defendant's motion sought summary judgment as to all aspects of plaintiffs' claim for breach of the union's duty of fair representation – that is, defendant argued that plaintiff's could not establish that the union's actions were arbitrary, discriminatory, or in bad faith. ***See Marquez v. Screen Actors Guild, Inc.***, 525 U.S. 33, 44, 119 S.Ct. 292, 300, 142 L.Ed.2d 242 (1998). However, when the parties disagreed as to whether further discovery was necessary to enable plaintiffs to respond to the motion, they entered into a stipulation limiting the court's determination of the motion to only whether the union's decision was arbitrary, which the parties agreed was a "threshold issue." (***See* Stipulation Concerning Plaintiffs' Discovery and Defendant's Motion for**

**Summary Judgment** at 3 [#42], filed January 17, 2014.)

I have now resolved that discrete issue in favor of defendant, concluding that the formula it chose to allocate retroactive pay to United pilots and pilot instructors was not arbitrary, and thus granting defendant's motion for summary judgment on that aspect of plaintiffs' claim.  (*See* **Order Re: Motion for Summary Judgment and Memorandum of Law of Defendant Air Line Pilots Association International** [#61], filed August 19, 2014.).  Given that determination, it is not at all clear whether the remaining aspects of plaintiffs' duty of fair representation claim remains viable.  For one thing, the complaint alleges no facts suggesting that the union's decision was "based upon impermissible or immutable classifications such as race or other constitutionally protected categories, or arises from prejudice or animus," **Schwartz v. Brotherhood of Maintenance of Way Employees**, 264 F.3d 1181, 1186 (10th Cir. 2001) (citation and internal quotation marks omitted), or that the union engaged in "fraud, or deceitful or dishonest action," **Considine v. Newspaper Agency Corp.**, 43 F.3d 1349, 1361 (10th Cir. 1994) (citation and internal quotation marks omitted).[2]  Yet even if plaintiffs were allowed to conduct discovery in the absence of such operative allegations, it is questionable whether a decision that has been found non-arbitrary can nevertheless be the basis for a duty of fair representation claim based on alleged discrimination or bad faith.  **See Air Line**

---

[2] In order to state a viable claim, the complaint must "'contain[] enough *facts* to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)) (emphasis added).  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" are insufficient.  **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).  Instead, plaintiffs must allege facts sufficient to give defendant fair notice of the grounds on which the claim rests, and such allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  **Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

*Pilots Association v. O'Neill*, 499 U.S. 65, 81, 111 S.Ct. 1127, 1137, 113 L.Ed.2d 51(1991) (rational compromise between competing claims of two constituencies within union "was not invidious 'discrimination' of the kind prohibited by the duty of fair representation"); *Rakestraw, v. United Airlines, Inc.*, 981 F.2d 1524, 1535 (7th Cir. 1992) ("[A] 'bad' motive does not spoil a collective bargaining agreement that rationally serves the interests of workers as a whole, and that treats employees who are pariahs in the union's eyes no worse than it treats similarly situated supporters of the union."), *cert. denied*, 114 S.Ct. 175, *and cert. denied*, 114 S.Ct. 286 (1993).

In light of these circumstances, I conclude that it would be prodigal and premature to make any determination as to the propriety of class certification in this matter prior to resolving these questions.  Accordingly, I will deny the pending motion for class certification without prejudice to refiling if it appears that any aspect of plaintiffs' substantive claims continues to be viable going forward.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion for Class Certification and Memorandum in Support** [#29], filed November 18, 2013, is **DENIED WITHOUT PREJUDICE**.

Dated August 19, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge